IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST OVERBECK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3036-BH |
| | § | |
| ENVOY AIR, INC., | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

By order filed July 10, 2017, this matter has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *Defendant's Motion and Brief to Strike Plaintiff's Expert Designation of Shelley P. Dobmeier*, filed February 22, 2017 (doc. 36). Based on the relevant filings, evidence, and applicable law, the defendant's motion is **DENIED**.

## I. BACKGROUND

Ernest Overbeck (Plaintiff) sues his former employer, Envoy Air, Inc. (Defendant), alleging that it terminated his employment because he was 62 years old. (doc. 17.) He seeks declaratory relief, injunctive relief, lost wages, liquidated damages, attorney's fees, and expenses. (*Id*. at 5.)

On January 3, 2017, Plaintiff timely filed a designation of his expert witnesses in accordance with the original scheduling order entered in this suit. (docs. 32, 35.) It designated Ms. Shelley P. Dobmeier (Dobmeier) as an expert on "human resource practices" to testify broadly on the proper and necessary training for "executives and managers in recognizing, preventing, and protecting employees from discrimination," including age discrimination. (doc. 35 at 3.) The designation also cited to specific congressional findings in the United States Code and surveys from the "Society of Human Resources Management" and the "National Business Ethics" group that Dobmeier relied upon. (*Id*. at 3-4.) Plaintiff, however, did not include Dobmeier's signed report or her qualifications. (*See id*.)

Over a month later, on February 21, 2017, Defendant notified Plaintiff that he had failed to provide Dobmeier's signed expert report or curriculum vitae as required under Federal Rule of Civil Procedure 26(a)(2). (doc. 36 at 2.) Plaintiff responded that this omission was an inadvertent oversight and immediately provided a signed copy of the report and Dobmeier's curriculum vitae that same day.[1] (*Id*. at 2-3.) The signed report states that Dobmeier was retained to give her expert opinion on the "proper human resource polices and practices" regarding age discrimination and how "employers should train executives and managers in recognizing, preventing, and protecting employees from discrimination." (doc. 36-1 at 2-3.) It also cites to the congressional findings and surveys used to form her opinion, identifies the other cases in which she has testified, and includes a statement of her compensation. (*Id*. at 3.)

Defendant then moved to strike the expert report, alleging that it is deficient and untimely. (*Id*.) On the same day that Plaintiff filed his response to the motion, the parties filed a joint motion for continuance in part because "significant discovery still need[ed] to be completed." (doc. 37.) This motion was granted, and the deadline for completion of discovery was extended from April 3, 2017, to July 3, 2017. (docs. 32, 39.) On July 12, 2017, both parties again filed a joint motion to extend deadlines under the scheduling order because "[a]lthough the parties have worked diligently to complete expansive discovery, counsel for the parties agree that additional discovery remains to be taken." (doc. 55.) This motion was also granted, and the deadline for completion of discovery was further extended to September 18, 2017. (doc. 64.)

With a timely filed response and reply, Defendant's motion to strike Dobmeier for failure to comply with Rule 26(a)(2) is ripe for determination. (docs. 38, 40.)

---

[1] Defendant also notified Plaintiff that he failed to provide a list of Dobmeier's publications over the last 10 years, but Plaintiff clarified that she does not have any publications. (docs. 36 at 2-3, 38 at 3.)

## II. MOTION TO STRIKE

Defendant argues that Dobmeier's designation as an expert should be stricken because Plaintiff's expert disclosure was deficient and untimely under Rule 26(a)(2). (doc. 36 at 3-5.)

**A.** <u>**Expert Disclosure**</u>

Under Federal Rule of Civil Procedure 26(a)(2)(B), a party who retains an expert to provide expert testimony in a case must submit a report that includes: (1) a complete statement of all opinions of the witness and the reasons for them; (2) the facts or data the expert considered in forming his opinion; (3) any exhibits that will be used; (4) the witness's qualifications, including publications; (5) a list of all other cases in which he has testified in the previous four years; and (6) a statement of his compensation in the present case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). If for some reason the witness is not required to provide such a report, Rule 26(a)(2)(C) nevertheless requires a party to disclose: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. *Id.* at (a)(2)(C). If a party fails to provide information as required under Rule 26(a), he may not use that information or witness to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Both parties agree that Plaintiff's initial expert designation of Dobmeier was deficient and untimely based on the failure to submit a copy of her signed report and curriculum vitae outlining her credentials as required under Rule 26(a)(2). (docs. 36, 38.) Under Rule 37(c)(1), however, the expert designation should not be stricken if Plaintiff's violation of Rule 26(a)(2) "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

3

**B.    Harm**[2]

Defendant argues that Plaintiff's untimeliness caused prejudice because it now has "limited remaining time to complete discovery," and because Dobmeier's testimony is not important to Plaintiff's case. (doc. 36 at 4-5.)

"A district court considers four factors when determining if such a violation is harmless: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party; (3) the possibility of curing such a prejudice by granting a continuance; and (4) the importance of the evidence and related witnesses' testimony." *Reyes v. City of Farmers Branch, Texas*, No. 3:07–CV–900–O, 2008 WL 4791498, at *3 (N.D. Tex. Nov. 4, 2008) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). "The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998)).

Under the first factor, Plaintiff did not offer a suitable explanation for his omission; he only states that he "inadvertently failed to send" the required documents. *See Lofton v. McNeil Consumer & Specialty Pharm.*, No. 3:05-CV-1531-L-BH, 2008 WL 4878066, at *10 (N.D. Tex. July 25, 2008). Regarding the second and third factors, Defendant argues that it stands to suffer prejudice "as the parties have limited remaining time to complete discovery." (doc. 36 at 5.) Prior to the filing of this motion, Plaintiff provided Defendant with Dobmeier's signed report and curriculum vitae, which contains all necessary requirements under Rule 26, including a complete statement of her expert opinions on "proper human resources policies and practices" as to age discrimination; the data and

---

[2] Plaintiff does not attempt to offer any "substantial justifications" for his omission, so only the harm caused by Plaintiff's violation will be considered. *See Lofton*, 2008 WL 4878066, at *10.

surveys that Dobmeier relied upon; her qualifications; a list of all other cases in which she has testified in the previous four years; and a statement of her compensation in the present case.[3] *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Since the filing of the motion to strike, the discovery deadline has been extended twice, which has provided Defendant with nearly six additional months to depose Dobmeier or propound additional discovery. (*See* docs. 32, 39, 64.) As for the fourth factor, Defendant argues that Dobmeier's testimony is not important because she "merely holds general opinions on the broad societal and economic problems of discrimination in America." (doc. 36 at 4-5.) Her testimony, however, appears at this stage of the litigation to be important as it concerns Plaintiff's allegations of willful age discrimination because it helps the trier of fact understand the general human resources policies, procedures, and the standard of care required of an employer with older employees. (*See* doc. 17 at 2-5.)

Based on the four factors, the Court finds that Plaintiff's violation of Rule 26(a)(2) was harmless, and Dobmeier's designation as an expert in this case should not be stricken. *See Chik-Kin v. Axis Surplus Ins. Co.*, No. 3:13-CV-2804-N, 2015 WL 3466723, at *2 (N.D. Tex. Jan. 21, 2015) (denying motion to strike an expert for failing to provide an expert report because "the continuance that [the court] granted on November 21, 2014 can cure much of this prejudice").

### III. CONCLUSION

Defendant's motion to strike (doc. 36) is **DENIED**.

---

[3] On page 4 of its motion, Defendant cites to one court opinion excluding expert testimony under the standard identified in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). (doc. 36 at 4) (citing *Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903 (S. D. Tex. 2015)). Defendant, however, does not cite to *Daubert* in its motion or argue that Plaintiff's expert should be excluded as unreliable or irrelevant under *Daubert*. (*See* doc. 36.)

**SO ORDERED** this 29th day of August, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE